IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MARCUS LARAIL JONES                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 1:14-CV-00220-SA-DAS

CITY OF WEST POINT, MISSISSIPPI
NICK COE                                                               DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the Court on the Complaint [1] of Marcus Larail Jones, who seeks actual and punitive damages from the City of West Point, Mississippi and Nick Coe, a City of West Point police officer, for the alleged shooting and loss of Jones' dog, "Goldie". In addition to claims brought under the United States Constitution, Jones asserts several state law claims for negligence, intentional infliction of mental stress, and conversion against the City of West Point and Officer Coe. The Defendants submitted a Motion to Dismiss All State Law Claims [18] arguing that all of Jones' claims based in Mississippi state law should be dismissed with prejudice because Jones did not properly execute notice of his claims as required by the Mississippi Tort Claims Act. MISS. CODE ANN. § 11-46-1, *et seq*. Jones has responded to the motion, the Defendants have replied, and this matter is ripe for review. For the reasons set forth below, the Defendants' Motion to Dismiss [18] is granted in part and denied in part, and all of Jones' state law claims are dismissed without prejudice for lack of subject matter jurisdiction.

**Factual and Procedural Background**

It is alleged Nick Coe shot Jones' dog on the morning of February 23, 2014. Jones filed his Complaint [1] with this Court on December 4, 2014. Jones admits that he did not properly notice the City of West Point of his claims prior to filing his complaint as required by the Mississippi Tort Claims Act, and concedes that dismissal of his state law claims is warranted.

The procedural question at issue in the instant motion is whether Jones' state law claims should be dismissed with or without prejudice.[1]

**Discussion and Analysis**

Due to the nature and scope of this lawsuit against the City of West Point and Officer Coe, Jones' claims are subject to the procedural prerequisites enumerated in the Mississippi Tort Claims Act. The remedy provided by the Mississippi Tort Claims Act for claims against a governmental entity or its employee is exclusive. MISS. CODE. ANN. § 11-46-7. The procedural requirements for the remedy provided by the Act are mandatory as evidenced by the following: "at least ninety days before instituting suit, the person *must* file notice of claim . . . ; [s]ervice of notice of claim *shall* be made . . . [i]f the governmental entity is a municipality, then upon the city clerk." MISS. CODE. ANN. § 11-46-11 (1)-(2(a)) (emphasis added). The ninety-day notice requirement of the Act requires strict compliance. *See Univ. of Miss. Med. Ctr. v. Easterling*, 928 So. 2d 815, 819 (¶ 22) (Miss. 2006) (requiring strict compliance with the ninety-day notice requirement of the Tort Claims Act is; overruling earlier cases); *Brown v. Sw. Miss. Reg'l Med. Ctr.*, 989 So. 2d 933, 937 (¶ 8) (Miss. Ct. App. 2008) (holding that the 90-day notice requirement of the Tort Claims Act is meant to apply equally to cases in which no notice is filed, notice is filed after the complaint, or the complaint is filed sooner than ninety days after filing notice).

In the instant case, Jones served notice of his claim on the wrong governmental entity. Jones addressed his Notice of Claim to Clay County, Mississippi instead of the City of West Point. Jones argues briefly that although the City did not have proper notice of his claim, the City did have actual notice. In support of his argument, Jones references a letter attached to the Complaint [1], from the City's insurance carrier denying any claim for damages by Marcus

---

[1] Because all the information necessary and relevant to the determination of this motion is readily apparent on the face of the pleadings, it is unnecessary for the Court to reach other potential issues concerning statutes of limitation.

Jones. In light of the strict compliance standard articulated by the Mississippi Supreme Court in *Easterling* and subsequent cases, however, actual notice to the City's insurer does not cure otherwise statutorily defective notice. A letter from an insurer denying a claim or coverage does not meet the statutory standard for notice of denial of a claim under the Mississippi Tort Claims Act either, which requires: "[a]ll notices of denial of claim shall be served by governmental entities upon claimants by certified mail." MISS. CODE. ANN. § 11-46-11; *Blackston v. George Cnty.*, 102 So. 3d 1182, 1188 (Miss. Ct. App. 2012) (holding county failed to serve notice of the denial of claim through insurer).

"The notice-of-claim requirement 'imposes a condition precedent to the right to maintain an action.'" *Miss. Dep't of Pub. Safety v. Stringer*, 748 So. 2d 662, 665 (¶ 10) (Miss. 1999) (quoting *Carr v. Town of Shubuta*, 733 So. 2d 261, 265 (¶ 12) (Miss.1999)). Furthermore, "[t]he ninety-day notice requirement is jurisdictional." *Bunton v. King*, 995 So. 2d 694, 695-96 (¶ 8) (Miss. 2008) (citing *Stringer*, 748 So. 2d at 665). Because the notice requirements of the Mississippi Tort Claims Act are jurisdictional, Jones' failure to comply requires dismissal of his state law claims without prejudice for lack of subject matter jurisdiction. *Lamb v. Booneville Sch. Dist.*, No. 1:08-CV-254-SA, 2009 WL 843116, at *2 (N.D. Miss. Mar. 26, 2009).

Because this Court lacks subject matter jurisdiction over Plaintiff's state law claims at this time, the Court will not address the merits of these claims or potential statute of limitations arguments. All relevant information necessary for ruling on the instant motion is apparent on the face of the Plaintiff's complaint or attached thereto. This Court has not considered any matters

outside the pleadings, precluding the need to treat the Defendant's motion as one for summary judgment.[2]

Defendants' Motion to Dismiss Plaintiff's claims based in state law with prejudice for failure to comply with the terms of the Mississippi Tort Claims Act is GRANTED in part and DENIED in part. To the extent Defendants requested the dismissal of Plaintiff's state law claims, that request is GRANTED. To the extent that Defendants requested such denial be with prejudice, that request is DENIED. Accordingly, Plaintiff's claims based in Mississippi state law are hereby DISMISSED without prejudice.

**SO ORDERED this the 8th day of September, 2015.**

                                              /s/ Sharion Aycock
                                              **UNITED STATES DISTRICT JUDGE**

---

[2] As Federal Rule of Civil Procedure 12(d) states: "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not *excluded* by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d) (emphasis added).